IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONAGHAN MEDICAL CORP., Plaintiff, v. SMITHS MEDICAL ASD, INC., Defendant. | Case No.: __________ DEMAND FOR JURY TRIAL |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Of Counsel:

William H. Frankel
David P. Lindner
Jafon L. Fearson
BRINKS GILSON & LIONE
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 606111
Telephone: (312) 321-4200

Dated: June 9, 2017

Dominick T. Gattuso (No. 3630)
HEYMAN ENERIO
GATTUSO & HIRZEL LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
Telephone: (302) 472-7300
DGattuso@hegh.law

Attorneys for Plaintiff
Monaghan Medical Corp.

Plaintiff Monaghan Medical Corp. ("Monaghan Medical") seeks a declaratory judgment that it does not infringe any claim of United States Patent No. 7,059,324 B2 entitled "Positive Expiratory Pressure Device," which issued on June 13, 2006 ("the '324 patent"). A copy of the '324 patent is attached to this Complaint as Exhibit A. Accordingly, Plaintiff Monaghan Medical alleges as follows:

## PARTIES

1. Monaghan Medical is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 5 Latour Avenue, Suite 1600, Plattsburgh, New York 12901.

2. On information and belief, Defendant Smiths Medical ASD, Inc. ("Smiths Medical") is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business located at 1265 Grey Fox Road, St. Paul, Minnesota 55112.

3. On information and belief, including based on the records of the U.S. Patent & Trademark Office, Smiths Medical is the assignee of the '324 patent.

## JURISDICTION AND VENUE

4. This is a civil action arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, and 2202, and the patent laws of the United States for a declaratory judgment of non-infringement of a United States patent.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b).

7. On information and belief, Smiths Medical transacts business in this district, is incorporated under the laws of Delaware, and is subject to personal jurisdiction in this Court.

8. On information and belief, Smiths Medical manufactures, markets, offers for sale, and sells medical products including positive expiratory pressure therapy devices ("PEP devices"), including in this district.

9. On information and belief, Smiths Medical has transacted and regularly continues to transact business, and regularly has solicited and regularly continues to solicit business, in this judicial district, and causes its products to be introduced into the stream of commerce in this judicial district.

## FACTUAL BACKGROUND

10. Monaghan Medical imports and sells the Aerobika® device, which is a hand-held oscillating positive expiratory pressure ("OPEP") device (the "Aerobika® device"). The Aerobika® device is described and shown at https://www.monaghanmed.com/Aerobika.

11. The Aerobika® device increases the natural process within the lungs to bring up mucus. The Aerobika® device achieves this result by providing intermittent resistance and creating positive pressure and oscillations simultaneously to open weak or collapsed airways to mobilize and assist mucociliary clearance in the upper airways, whereby mucus can be coughed out.

12. Monaghan Medical brings this declaratory judgment action because Smiths Medical has engaged in a series of acts that create a substantial controversy between Smiths Medical and Monaghan Medical of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

13. Smiths Medical has asserted that a license is required in order to sell and/or import the Aerobika device into the United States, which constitutes a clear threat that Smiths Medical will sue Monaghan Medical for infringement of the ’324 patent based on Monaghan Medical’s importation and sale of the Aerobika® device in the United States.

14. Specifically, on November 23, 2016, Michael J. Blum, Acting General Counsel for Smiths Medical wrote to Joaquim Balles, Vice President & General Counsel for Trudell Medical Limited (“Trudell”), the owner of Monaghan Medical, stating Smiths Medical’s assertion “that Trudell requires a license under our patent US 7,059,324 in order to sell and/or import its Aerobika device into the United States. We are willing to discuss reasonable terms for such a license with you.” (Exhibit B.)

15. Following the November 23, 2016 letter, discussions were held between representatives of Smith Medical and Trudell (on behalf of Trudell and Monaghan Medical) and their respective outside counsel regarding Smith Medical’s allegation that a license to the ’324 patent was needed. No agreement was reached, and the discussions ended on February 27, 2017 with Smiths Medical maintaining the position set forth in the November 23, 2016 letter and with Trudell, on behalf of itself and Monaghan Medical, maintaining that the Aerobika® device did not infringe the ’324 patent and that no license was required.

16. Smiths Medical’s assertions that a license is required in order to sell and/or import the Aerobika® device into the United States serves as a threat of litigation which adversely affects and damages Monaghan Medical by placing a cloud of uncertainty and controversy over Monaghan Medical’s business and its operations and, unless this court adjudicates this dispute as to whether Monaghan Medical is liable for infringement of the

’324 patent, Smiths Medical’s assertions will continue to damage and adversely affect Monaghan Medical.

17. Accordingly, to resolve the legal and factual questions raised bv Smiths Medical and to afford relief from the uncertainty and controversy that its unwarranted assertions have caused, Monaghan Medical is entitled to a declaratory judgment of its rights under 28 U.S.C § 2201.

**FIRST CAUSE OF ACTION**

**Declaratory Judgment of Non-Infringement of the ’324 Patent**
**28 U.S.C. § 2201**

18. Monaghan Medical repeats and realleges paragraphs 1 through 17 of this Complaint, as though fully set forth herein.

19. For the reasons set out in this Complaint, an actual case or controversy exists between Monaghan Medical and Smiths Medical based on Smiths Medical’s assertion of the ’324 patent with respect to the Aerobika® device.

20. Monaghan Medical is entitled to make, use, sell, offer to sell, and import the Aerobika® device because Monaghan Medical does not infringe and has not infringed any claim of the ’324 patent either literally or under the doctrine of equivalents, and either directly or indirectly. Neither the Aerobika® device or its method of use infringe any of the claims of the ’324 patent.

## PRAYER FOR RELIEF

Wherefore, Monaghan Medical prays for the following relief:

A. That the Court declare and enter judgment that Monaghan Medical has not infringed and does not infringe any claim of the '324 patent; and

B. That the Court award Monaghan Medical such other relief as the Court deems just and proper.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (No. 3630)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
Telephone: (302) 472-7300
DGattuso@hegh.law

Attorneys for Plaintiff
Monaghan Medical Corp.

Of Counsel:

William H. Frankel
David P. Lindner
Jafon L. Fearson
BRINKS GILSON & LIONE
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 606111
Telephone: (312) 321-4200

June 9, 2017